In the Matter of the Final Accounting of WILLIAM E. SCOTT and ALEXANDER T. BROWN, as Assignees for the Benefit of Creditors of WILLIAM A. DRAKE.

LAURA C. ABER, Appellant; WILLIAM E. SCOTT and ALEXANDER T. BROWN, as Assignee, etc., of WILLIAM A. DRAKE, Respondents.

*Assignee for creditors — claim of preference for wages — when it can be made — when the giving of a note is not the payment of a debt.*

Laura C. Aber for many years was a domestic servant of one William A. Drake. Drake, being indebted to her for services in the sum of $1,400, gave her his promissory note for that sum, payable one year after date. Subsequently Drake made a general assignment for the benefit of creditors. She held the note and presented it to his assignees without claiming any preference. Two days after the assignees had rendered their final account to the court, Laura C. Aber, to whom, as appeared by the account of the assignees, a dividend had been made as a general creditor, gave notice of a motion to compel the assignees to allow her claim as a preferred claim.

*Held,* that the note was merely evidence of the debt and was not the debt itself, it not having been accepted as payment; that its only effect was to extend the time of payment of the debt; that the claimant had been an employee of the assignor and he owed her $1,400 for her wages as such at the time of the assignment and that such debt was entitled to a preference under the statute; that the failure to present the note to the assignees and make the demand for a preference when the claim was first presented having resulted in no injury to any one, it would be unjust to deprive her of her rights because of her failure to make a proper demand in time.

APPEAL by Laura C. Aber, a creditor of William A. Drake, from an order of the County Court of the county of Orange, bearing date the 23d day of April, 1895, and entered in the Orange county clerk's office, denying a motion made by her that her claim against William A. Drake be made and stated as a preferred labor claim in the account of his assignees for the benefit of creditors, and that such account be corrected accordingly.

*John W. Lyon,* for the appellant.

*Lewis E. Carr,* for the respondents.

DYKMAN, J. :

This is an appeal from an order of the county judge of Orange county, denying a motion in this matter, made on behalf of Laura

## 94              MATTER OF SCOTT.

C. Aber, to have her claim allowed by the assignees as a preferred claim. William A. Drake made an assignment for the benefit of his creditors on the 26th day of January, 1893, to the above-named assignees, who accepted the trust and proceeded to administer the same. They advertised for·claims as the law requires. Laura C. Aber, the appellant, presented to and filed with the assignees a claim against the estate of the assignor as one on his promissory note for $1,400, dated March 27, 1890, and payable one year after date. The assignees rendered their final accounting March 26, 1895; two days thereafter Laura C. Aber, to whom a dividend was made as a general creditor, gave notice of a motion for April 23, 1895, to compel the assignees to allow her claim as a preferred claim. That motion was heard and denied by the county judge and the appeal is from that order of denial. There is no dispute about the facts.

Laura C. Aber, for many years prior to March 27, 1890, was a domestic servant of the assignor Drake, and on that day he was indebted to her for services in the sum of $1,400, for which he gave her his promissory note, payable one year after date. She held the note and presented it to the assignees without claiming any preference, and they resisted her present claim because she accepted the note for her wages and made no claim under it for a preference under the assignment.

The denial of the motion by the county judge was erroneous. The claimant had been an employee of the assignor and he owed her $1,400 for her wages as such at the time of the assignment, and the debt was entitled to a preference under the statute. The note was merely the evidence of the debt and was not the debt itself. The note was not accepted as a payment, and its only effect was to extend the time of the payment of the debt.

The failure to present the note to the assignees and make the demand for a preference when the claim was first presented, has resulted in no injury to any one, and it would be unjust to deprive the appellant of her just rights because she failed to make a proper demand in time. The note can be surrendered at any time to the assignees, and no claim upon it can be prosecuted. (*Matter of Heath*, 46 Hun, 114.)

The order should be reversed, with ten dollars costs and disbursements, and the motion granted without costs.

BROWN, P. J., and PRATT, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs.